IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| WAYNE McVEY COUP, | : | BANKRUPTCY NO.: 4-10-bk-04978-JJT |
| DEBTOR | : | |
| WAYNE McVEY COUP, | : | {**Nature of Proceeding**: Fulton Bank, N.A.'s Motion to Dismiss Plaintiffs' Complaint for Violation of Automatic Stay Pursuant to Fed.R.Civ.P. 12(b)(6)(Doc. #9) |
| PLAINTIFF | : | |
| vs. | : | |
| FULTON FINANCIAL CORPORATION & SWINEFORD NATIONAL BANK, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 4-12-ap-00205-JJT** |

# **OPINION**

The Chapter 7 Debtor, Wayne M. Coup, has filed a Complaint *pro se* seeking relief for a violation of the automatic stay under 11 U.S.C. § 362(k) against Defendants Fulton Financial Corporation and Swineford National Bank. Ostensibly, Fulton succeeded to the mortgage position of Swineford.[1] Fulton Financial has filed a Motion to Dismiss under Rule 12 of Federal Rules of Civil Procedure incorporated in the bankruptcy rules by Federal Rule of Bankruptcy Procedure 7012. The posture of the case requires an analysis of the underlying allegation of the Complaint.

Coup filed for relief under Chapter 7 on June 16, 2010. The case was closed on October 8, 2010, without the entry of a discharge because the Debtor failed to file a certificate of

---

[1] This information is gleaned from Fulton's Brief in Support of Motion to Dismiss.

financial management. He addressed that issue by reopening the case on October 27, 2010, filing the certificate, and obtaining the discharge. Thereafter, the case was re-closed on November 24, 2010, until it was again reopened on June 7, 2012, in order to address this litigation.

The allegations of the Complaint suggest that the Defendants, or one of them, had a mortgage against Coup's real estate prior to the bankruptcy. At the time of filing, there was no escrow agreement for real estate taxes. Some time after the filing, Swineford National Bank paid property taxes, created an escrow account under the terms of the mortgage document, and increased monthly payments to account for that escrow. See Letter of Swineford Bank, Exhibit 1 to the Complaint (Doc. #1). It is this action that forms the basis of the alleged violation.

The property taxes were paid by Swineford on September 13 and 14 of 2010. While this occurred during the pendency of the bankruptcy, there is no indication that Swineford made any demand for reimbursement of the payment at that time. Certainly, as a mortgagee, a bank has every right to pay the property taxes to prevent its mortgage from being impaired by a priming lien. What Swineford could not do is to make demand for reimbursement of that sum until the automatic stay terminated. As was stated in *Rosas v. Monroe County Tax Claim Bureau,* 323 B.R. 893 (Bkrtcy. M.D.Pa. 2004)

> The purpose of the automatic stay is to provide a debtor with a "breathing spell." *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 86 (3d Cir.1988). This "respite is not from communication with creditors, but from the threat of immediate action by creditors, such as a foreclosure or a lawsuit." *Brown,* 851 F.2d at 86. The Third Circuit Court has adopted the position favored by the Ninth Circuit Court that "mere requests for payment are not barred [under 362(a)(6)] without additional evidence of coercion." *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 86 (3d Cir.1988)(citing *Morgan Guaranty Trust Co. v. American Savings and Loan Ass'n*, 804 F.2d 1487, 1491 & n. 4 (9th Cir.1986)). As part of my analysis, I must distinguish between mere requests for

payment, which are devoid of coercion or harassment, and actions by a creditor
that are designed to elicit payment from a debtor on a prepetition claim. *See
Sechuan City, Inc. v. North Amer. Motor Inns, Inc. (In re Sechuan City), Inc.*, 96
B.R. 37, 41 (Bankr.E.D.Pa.1989)(citing *Morgan Guaranty Trust Co.*, 804 F.2d at
1491, n. 4).

*Rosas v. Monroe County Tax Claim Bureau,* 323 B.R. at 899.

At best, the letter of October 26, 2010, from Swineford appears to be simply informational. Nevertheless, this observation regarding the correspondence is not of consequence to disposition of the pending Motion filed by Fulton. The letter was *not* from Fulton. The Complaint fails to articulate Fulton's connection with Swineford, if any. Indeed, the Complaint simply does not allude to any action taken by Fulton regarding obligations between the parties. For these reasons, Fulton's Motion to Dismiss must be granted.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: February 12, 2013